FILED

2013 JUL 24  AM 10: 44

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  SUSAN M. WINCHESTER, ESQ. (SBN 187756)
   sue@winchesterlawgroup.com
2  WINCHESTER LAW GROUP
3  9107 Wilshire Blvd., Suite 450
   Beverly Hills, CA 90210
4  Telephone: (310) 461-3591
5  Fax: (310) 388-6080
   Attorney for Plaintiff
6  Fashion One LLC

7

8

9            UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11

12 Fashion One LLC                  ) Case No. CV 13-05322-PA
   a Delaware limited liability company )                    (FFMx)
13                                   ) COMPLAINT FOR:
              Plaintiff              )
14                                   ) 1.  INTENTIONAL/TORTIOUS
                                     )     INTERFERENCE WITH
15       v.                          )     CONTRACT/
                                     )     CONTRACTUAL RELATIONS;
16 Robertsons Law Firm, a Hong Kong  )
   professional legal association    ) 2.  CONSPIRACY TO
17 Michael Lintern-Smith, an individual )   INTERFERE WITH
   Christopher Gordon, an individual )      CONTRACT/
18 Barry Hoy, an individual          )      CONTRACTUAL RELATIONS
   Andrew Lee, an individual         )
19 Chris Lambert, an individual      ) JURY TRIAL DEMANDED
   Kevin Steel, an individual        )
20 Jeremy Levy, an individual        )
   Lesley McLean, an individual      )
21 Jennifer Wong, an individual      )
   Warren Ko, an individual          )
22 Frank Szeto, an individual        )
   Benjanmin Chan, an individual     )
23 Chung Nam Li, an individual       )
   Stefanie Wong, an individual      )
24 Samantha Gershon, an individual   )
   And DOES 1 to 40 inclusive        )
25                                   )
              Defendants.            )
26 _____)

27

28

Page 1

COMPLAINT


Winchester Law Group
9107 Wilshire Blvd, Suite 450
Beverly Hills, CA 90210

## I. PARTIES

1. Plaintiff, Fashion One LLC, is a Delaware limited liability company. Plaintiff, either directly or through its wholly owned subsidiary, Fashion One Television Limited, a Hong Kong company, is in the business of programming, marketing and distributing the linear television channel called *Fashion One* (the "Fashion One Channel").

2. Fashion One LLC and Fashion One Television Limited are collectively referred to herein as the "Fashion One Plaintiff."

3. Fashion One Plaintiff engages in foreign commerce transactions in Los Angeles, California. Program content that is broadcasted in foreign markets is created and developed using various independent contractors and freelance agents located in Los Angeles, California, such as website contributors, photographers, videographers, graphic artists, fashion and style contributors, fashion writers and video editors.

4. Fashion One Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, defendant, Robertson Law Firm, is a professional legal association located in Hong Kong.

5. Fashion One Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the named individual defendants is a resident of Central Hong Kong.

6. Fashion One Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 40, inclusive, and therefore sues these defendants by such fictitious names. Fashion One Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

## II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties, and the matter in controversy exceeds the sum or value of $75,000.

8. Personal Jurisdiction over the Defendants is vested and venue is proper pursuant to 28 U.S.C. § 1391 in the United States District Court for the Central District of California since the transactions and events which are the subject matter of this Complaint are intentional acts by the Defendants which caused substantial harm and injury to the Plaintiff in Los Angeles, California.

## III. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Intentional/Tortious Interference with Contract/Contractual Relations

9. Fashion One Plaintiff operates and has been operating since April 8, 2010, the widely known and popular Fashion One Channel and has an audience of more than 100 million households in more than 31 countries.

10. Fashion One Plaintiff has entered into distribution agreements with several operators of satellite broadcast networks and cable television networks to distribute and broadcast the Fashion One Channel throughout Asia.

11. On or about June 29, 2013, Fashion One Plaintiff received a letter from Defendants demanding Fashion One Plaintiff to cease and desist broadcasting the brand "Fashion One." Defendants alleged Fashion One Plaintiff infringed on the Hong Kong trademark rights of a mark registered in Hong Kong to Fashion TV Programmgesellschaft mbH ("FTVP"). A copy of this letter, marked **Exhibit 1**, is attached and incorporated herein by reference.

12. On or about May 16, 2012, Fashion One Plaintiff and Asia Broadcasting Network (M) Sdn. Bhd. ("Asia Network") entered into a written distribution agreement whereby Fashion One Plaintiff agreed to permit Asia Network to rebroadcast the Fashion One Channel in the territory of the Federation of Malaysia.

13. On or about June 28, 2013, Fashion One Plaintiff was notified by Asia Network that Defendants sent Asia Network a letter demanding Asia Network to cease and desist from broadcasting the Fashion One Channel.

Winchester Law Group
9107 Wilshire Blvd, Suite 450
Beverly Hills, CA 90210

14. On or about June 25, 2013, Fashion One Plaintiff and China Network Systems ("China Network") entered into a written distribution agreement whereby Fashion One Plaintiff agreed to permit China Network to rebroadcast the Fashion One Channel in the territory of the Republic of China.

15. On or about June 28, 2013, Fashion One Plaintiff was notified by China Network that Defendants sent China Network a letter demanding China Network to cease and desist from broadcasting the Fashion One Channel. A copy of this letter, marked **Exhibit 2**, is attached and incorporated herein by reference.

16. Fashion One Plaintiff and MEASAT Satellite Systems, Sdn. Bhd., a company based in Malaysia ("Malaysia Satellite"), has entered into a written distribution agreement whereby Fashion One Plaintiff agreed to permit said Malaysia Satellite to rebroadcast the Fashion One Channel in the territory of the Federation of Malaysia.

17. On or about June 28, 2013, Fashion One Plaintiff was notified by Malaysia Satellite that Defendants sent Malaysia Satellite a letter demanding Malaysia Satellite to cease and desist from broadcasting the Fashion One Channel.

18. Fashion One Plaintiff and P.T. Cipta Skynindo, a company based in Indonesia ("PT Indonesia" and, collectively with Asia Network, China Network and Malaysia Satellite, the "Fashion One Plaintiff Distributors"), entered into a written distribution agreement whereby Fashion One Plaintiff agreed to permit PT Indonesia to rebroadcast the Fashion One Channel in the territory of the Republic of Indonesia.

19. On or about July1, 2013, Fashion One Plaintiff was notified by PT Indonesia that Defendants sent PT Indonesia a letter demanding PT Indonesia to cease and desist from broadcasting the Fashion One Channel.

20. Upon information and belief, FTVP has no trademark rights in Indonesia, Malaysia or the Republic of China and Defendants have knowledge that FTVP has no trademark rights in Indonesia, Malaysia or the Republic of China.

Winchester Law Group
9107 Wilshire Blvd, Suite 450
Beverly Hills, CA 90210

21. Each of the Defendants is a legal professional and or legal entity and has knowledge that the registration of a trademark in Hong Kong has no legal significance outside of Hong Kong and the mark owner has no rights in other countries such as Indonesia, Malaysia and the Republic of China .

22. By reason of the facts set forth above, Defendants have knowledge of the existing distribution agreements and contractual relationships with each of the Fashion One Distributors and knew that FTVP did not have any trademark rights in Indonesia, Malaysia or the Republic of China; but nonetheless, willfully, deliberately and maliciously sent letters to the Fashion One Distributors with the intent to intimidate and harass the Fashion One Distributors in order to cause interference, disruption and destruction of the distribution agreements and the contractual relationships between the Fashion One Plaintiff and the Fashion One Distributors.

23. Defendants' malicious and willful actions have caused a severe disruption in Fashion One Plaintiff's business operations, a severe disruption in the contractual relationship between the Fashion One Plaintiff and each of the Fashion One Plaintiff Distributors and have made Fashion One Plaintiff's performance of the distribution agreements more expensive and difficult.

24. As a proximate result of the Defendants' willful and malicious conduct, the disruption of Fashion One Plaintiff's business operations from Defendants' intimidation of the Fashion One Distributors, Fashion One Plaintiff has suffered damages and has been severely harmed.

25. As a proximate result of the Defendants' willful and malicious conduct, the reputation and image of the Fashion One Plaintiff has been severely tarnished and damaged.

26. As a proximate result of Defendants' willful and malicious conduct, the Fashion One Plaintiff has spent a significant amount of resources on damage control and convincing its foreign distributors and Los Angeles agents that the Defendants claims are false. Notwithstanding, the Fashion One Plaintiff has

Winchester Law Group
9107 Wilshire Blvd, Suite 450
Beverly Hills, CA 90210

suffered irreparable harm from a stigma that "something is wrong" with the Fashion One Channel.

27. The aforementioned acts of Defendants and each of them were willful and malicious. Fashion One Plaintiff is therefore entitled to punitive damages.

SECOND CAUSE OF ACTION

Conspiracy to Interfere with Contract/Contractual Relations

28. Fashion One Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1through 27, inclusive.

29. Defendants agreed and knowingly and willfully conspired between themselves to deliberately and intentionally interfere with the distribution agreements and relationships between the Fashion One Plaintiff and the Fashion One Distributors and did the acts and things herein alleged pursuant to, and in furtherance of such conspiracy and agreement.

30. As a proximate result of the wrongful acts herein alleged, Fashion One Plaintiff has been generally damaged in a sum to be proven at trial.

31. The aforementioned acts of Defendants and each of them were willful and malicious. Fashion One Plaintiff is therefore entitled to punitive damages.

WHEREFORE, Fashion One Plaintiff prays for judgment against Defendants as follows

1. For damages in accordance with proof on the First and Second Causes of Action

2. For punitive and exemplary damages on the First and Second Causes of Action in the amount of $1,280,000.

3. For costs of suit herein

For such other and further relief as the Court may deem just and equitable

Winchester Law Group
9107 Wilshire Blvd. Suite 450
Beverly Hills, CA 90210

Respectfully submitted,

Dated: July 23, 2013

Winchester Law Group

Susan M. Winchester
Attorney for Plaintiff

Winchester Law Group
9107 Wilshire Blvd, Suite 450
Beverly Hills, CA 90210

Our Ref: LIT/JDL/11000

Your Ref:

RECEIVED
28 JUN 2013

27 June 2013

Law Firm

Fashion One Television Ltd.
Bigfoot Centre
22nd Floor
38 Yiu Wa Street
Causeway, Hong Kong

**BY EMAIL**
hongkong@fashionone.com
**AND BY HAND**

Dear Sirs,

Re: Our client: Fashion TV Programmgesellschaft mbH

We act for Fashion TV Programmgesellschaft mbH of Wasagasse 4, Vienna 1090, Austria.

Our client is one of the operators of Fashion TV which is an international fashion and lifestyle broadcasting television channel founded 16 years ago. It is one of the most widely distributed satellite channels in the world reaching approximately 500 million households in 193 countries via 31 satellites and over 2,000 cable systems, as well as millions of internet users.

Fashion TV is viewed all over Asia including Hong Kong and is broadcast on Channel 532 of Now TV (Hong Kong) and Channel 33 of Cable TV in Hong Kong.

As you are well aware, our client is the owner of the trademark "FASHION ONE" registered in Hong Kong under Trade Mark No. 301783215 under Class Numbers 35, 38 and 41. In particular our client's registration in Class 38 covers broadcasting and transmission of television programmes; cable, digital and satellite television broadcasting; broadcasting via telecommunication networks including the Internet; distribution of on-line television channels (transmission of on-line television programmes) via the Internet and other electronic media.

We are instructed that you are knowingly infringing our client's aforesaid trademark by the unlicensed use of our client's trademark "Fashion One" which appears as the name of the Television Channel operated by you, on your website fashionone.hk and in all of your promotional and advertising materials. You have no right to use the words "Fashion One" on your website or to promote your business.

Our client has not and does not consent to the use of the trademark "Fashion One" for your television Channel.

SOLICITORS, NOTARIES, AGENTS FOR TRADEMARKS AND PATENTS



Moreover, it has come to our clients attention that a related company, Fashion One Television LLC, has deliberately recently made an application in Hong Kong to register the words "Fashion One" as a trade mark ("The Application").

Our client is entitled to commence legal proceedings against you, which shall necessarily include a claim for injunctive relief restraining such infringing activities, and we have instruction to file such a claim in order to protect our client's rights and interests without further notice unless you immediately comply with the following demands :-

(1) Cease and desist forthwith from all further infringements of our client's aforesaid trademark, whether in relation to your television channel, website, or any other means to promote your business;

(2) Remove within 7 days of the date of this letter the words "Fashion One" appearing together in any manner whatsoever on your television channel, website, or any other marketing material or medium used to promote your business including but not restricted to where the words are wholly or partly capitalized, and whether or not they are separated by a line or other barrier.

(3) Undertake to us in writing within 7 days that you will refrain in future from using the words "Fashion One" in any manner as described in (2) above;

(4) Undertake to deliver up to Robertsons within 7 days from the date of this letter all materials bearing the words "Fashion One" appearing together in any manner as described in (2) above;

(5) Undertake within 7 days from the date of this letter to fully compensate our client for all loss and damage suffered by them as a result of your infringing acts;

(6) Cause The Application to be withdrawn within 7 days from the date of this letter.

We trust that you will fully comply with the above demands, and we expect to hear favourably from you in writing on or before 4 July 2013 confirming full compliance.

All our client's rights are expressly reserved.

Yours faithfully,

**ROBERTSONS**
JDL/ay



Law Firm

Our Ref: LIT/JDL/11000

Your Ref:

25 June 2013

CHINA NETWORKS SYSTEMS
3F 399 RuiGuang Road Neihu District
Taipei, 11492
TAIWAN

**BY COURIER**

Dear Sirs,

We act for Fashion TV Programmgesellschaft mbH of Wasagasse 4, Vienna 1090, Austria.

Our client is one of the operators of Fashion TV which is an international fashion and lifestyle broadcasting television channel founded 16 years ago. It is one of the most widely distributed satellite channels in the world reaching approximately 500 million households in 193 countries via 31 satellites and over 2,000 cable systems, as well as millions of internet users.

Fashion TV is viewed all over Asia including Hong Kong and is broadcast on Channel 532 of Now TV (Hong Kong) and Channel 33 of Cable TV in Hong Kong.

We hereby put you on notice that our client is the owner of the trademark "FASHION ONE" registered in Hong Kong under Trade Mark No. 301783215 under Class Numbers 35, 38 and 41. In particular our client's registration in Class 38 covers broadcasting and transmission of television programmes; cable, digital and satellite television broadcasting; broadcasting via telecommunication networks including the Internet; distribution of on-line television channels (transmission of on-line television programmes) via the Internet and other electronic media. An extract from our client's trademark registration is attached.

We are instructed that your Platform is transmitting a fashion channel to Hong Kong infringing our client's aforesaid trademark by the unlicensed use of our client's trademark "Fashion One" which appears as the name of the Channel, throughout the programming on screen and in repeating promotional sections of the programming in an ongoing and uninterrupted manner.

Our client has not and does not consent to the use of the trademark "Fashion One" for that Channel.

SOLICITORS, NOTARIES, AGENTS FOR TRADEMARKS AND PATENTS

*Partners:* Michael LINTERN-SMITH Notary Public, Christopher GORDON Notary Public, Barry HOY, Andrew LEE, Chris LAMBERT, Kevin STEEL, Jeremy LEVY, Lesley McLEAN, Jennifer WONG, Warren KO, Frank SZETO, Benjamin CHAN, Li Chung Nam, Stephanie WONG, Samantha GERSHON

EXHIBIT 2
PAGE 10

We have instructions to file a claim in the Courts of Hong Kong to protect our client's rights and interests without further notice unless you immediately:-

1. Cease and Desist forthwith from broadcasting any television images that infringe on our clients aforesaid trademark in any way; and

2. Undertake that you will refrain in future from using or allowing the words Fashion One to be used on any television images you broadcast without our client's written consent.

We trust that you will cooperate and comply with the above demands. We expect to hear favourably from you on or before 28 June 2013 confirming full compliance.

All our client's rights are expressly reserved.

Yours faithfully,

**ROBERTSONS**
JDL/ay
Encl.

香港特別行政區政府知識產權署商標註冊處
Trade Marks Registry, Intellectual Property Department
The Government of the Hong Kong Special Administrative Region

商標記錄
Trade Mark Records

| | |
|---|---|
| [111] 商標編號: Trade Mark No.: | 301783215 |
| 狀況: Status: | Registered |
| [540] 商標: Mark: | FASHION ONE  |
| [550] 商標種類: Mark Type: | Ordinary |
| [730] 擁有人 姓名 / 名稱、地址: Owner's Name, Address: | FASHION TV Programmgesellschaft mbH Wasagasse 4, Vienna 1090, AUSTRIA |
| [740/750] 擁有人的送達地址: Owner's Address for Service: | HASTINGS & CO. 5th Floor, Gloucester Tower, The Landmark, 11 Pedder Street, Central, HONG KONG |
| 代理人地址: Agent's Address: | 5th Floor, Gloucester Tower, The Landmark, 11 Pedder Street, Central, HONG KONG |
| [511] 類別編號: Class No.: | 35, 38, 41 |
| [511] 貨品 / 服務說明: Specification: | Class 35 Television advertising and promotional services; rental of advertising space on cable, digital and satellite television channels; television advertising commercials. Class 38 Broadcasting and transmission of television programmes; cable, digital |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

**CV13- 5322 PA (FFMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[✓] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:

Susan Winchester, Esq.
Winchester Law Group
9107 Wilshire Blvd., Suite 450
Beverly Hills, CA 90210

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Fashion One LLC<br><br>PLAINTIFF(S)<br><br>v.<br><br>Robertsons Law Firm, et al<br><br>See Attached<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV13-05322-PA(FFMx)<br><br>**SUMMONS** |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ____________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Susan Winchester, whose address is Winchester Law Group, 9107 Wilshire Blvd., Suite 450, Beverly Hills, CA 90210. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JUL 24 2013

By: MARILYN DAVIS
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

SUSAN M. WINCHESTER, ESQ. (SBN 187756)
sue@winchesterlawgroup.com
WINCHESTER LAW GROUP
9107 Wilshire Blvd., Suite 450
Beverly Hills, CA 90210
Telephone: (310) 461-3591
Fax: (310) 388-6080
Attorney for Plaintiff
Fashion One LLC

Winchester Law Group
9107 Wilshire Blvd, Suite 450
Beverly Hills, CA 90210

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Fashion One LLC
a Delaware limited liability company

Plaintiff

v.

Robertsons Law Firm, a Hong Kong professional legal association
Michael Lintern-Smith, an individual
Christopher Gordon, an individual
Barry Hoy, an individual
Andrew Lee, an individual
Chris Lambert, an individual
Kevin Steel, an individual
Jeremy Levy, an individual
Lesley McLean, an individual
Jennifer Wong, an individual
Warren Ko, an individual
Frank Szeto, an individual
Benjanmin Chan, an individual
Chung Nam Li, an individual
Stefanie Wong, an individual
Samantha Gershon, an individual
And DOES 1 to 40 inclusive

Defendants.

Case No.________________

COMPLAINT FOR:

1. INTENTIONAL/TORTIOUS INTERFERENCE WITH CONTRACT/ CONTRACTUAL RELATIONS;

2. CONSPIRACY TO INTERFERE WITH CONTRACT/ CONTRACTUAL RELATIONS

JURY TRIAL DEMANDED

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Fashion One LLC

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Robertsons Law Firm, et. al

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Susan Winchester, Esq. of Winchester Law Group
9107 Wilshire Blvd, Suite 450
Beverly Hills, CA 90210

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding ☐ 2. Removed from State Court ☐ 3. Remanded from Appellate Court ☐ 4. Reinstated or Reopened ☐ 5. Transferred from Another District (Specify) ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $** to be determined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Intentional/Tortious Interference with Contract/Contractual Relations and Conspiracy to Interfere with Contract/Contractual Relations

**VII. NATURE OF SUIT** (Place an X in one box only).

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/Etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Org.
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Info. Act
- ☐ 896 Arbitration
- ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.)
- ☐ 153 Recovery of Overpayment of Vet. Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpratice
- ☐ 365 Personal Injury-Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accomodations
- ☐ 445 American with Disabilities-Employment
- ☐ 446 American with Disabilities-Other
- ☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus/Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405 (g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405 (g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

FOR OFFICE USE ONLY: Case Number: CV13-05322

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| None | Hong Kong |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** [signature] DATE: 7/23/2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |